OPINION
{¶ 1} Jerrie Wilmington appeals from the judgment of the Portage County Court of Common Pleas, entered on a jury verdict, which found appellant was not entitled to participate in the Workers' Compensation Fund. We affirm.
 {¶ 2} Pursuant to R.C. 4123.512, Wilmington appealed the decision of the industrial commission, which had denied her application for workers' compensation benefits. The matter proceeded to jury trial and the trial court entered judgment on the jury verdict, finding Wilmington was not entitled to workers' compensation benefits. Wilmington filed a timely appeal, raising two assignments of error:
 {¶ 3} "[1.] Where an expert medical witness in forming an opinion that a right shoulder rotator cuff tear is not work related includes within the bases of the opinion similar degenerative conditions in both wrists, the lower back and the left shoulder, it is prejudicial error to exclude cross examination on whether the similar degenerative conditions in the other parts of the body actually exists [sic] and whether they are work related.
 {¶ 4} "[2.] Where an expert medical witness in expressing an opinion that a right shoulder rotator cuff [sic] is not work related includes within the bases of the opinion similar degenerative conditions in both wrists, the lower back and the left shoulder, it is prejudicial error to exclude cross examination on whether the similar degenerative conditions in the other parts of the body are allowed in separate workers' compensation claims with the same employer or are pending allowance."
 {¶ 5} For the reasons that follow, we address Wilmington's assignments of error together, and find them to be without merit.
 {¶ 6} Wilmington's assignments of error challenge the trial court rulings on evidentiary issues at trial. App.R. 9(B) provides, in relevant part:
 {¶ 7} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
 {¶ 8} "Unless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App.R. 9(C) or 9(D) will be submitted, * * *."
 {¶ 9} App.R. 9(C) provides:
 {¶ 10} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 11} App.R. 9(D) provides:
 {¶ 12} "In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record pursuant to App.R. 10, may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial court may consider necessary to present fully the issues raised by the appeal, shall be approved by the trial court prior to the time for transmission of the record pursuant to App.R. 10 and shall then be certified to the court of appeals as the record on appeal and transmitted to the court of appeals by the clerk of the trial court within the time provided by App.R. 10."
 {¶ 13} In the instant case, Wilmington did not file a transcript of the trial; nor did she comply (or attempt to comply) with the procedure set forth in App.R. 9(C) or (D). The docketing statement Wilmington filed with this court states:
 {¶ 14} "No transcript is required as the issue to be reviewed involves matters raised on cross-examination of appellees' defense expert medical witness and on direct-examination of appellant's attending physician. The complete deposition testimony of both witnesses are in the record along with the trial court's rulings."
 {¶ 15} Unfortunately, the record before us is insufficient to allow us to review Wilmington's assignments of error; while the deposition transcripts are in the record, they do not allow us to determine what evidence the trial court allowed or excluded attrial. Without a transcript, we are unable to determine whether Wilmington attempted to present the testimony, the context within which she sought to introduce it, or whether it was relevant. As a trial transcript is necessary for Wilmington to demonstrate the errors she has raised, and because she has failed to provide that transcript, this court has nothing to pass upon and we must presume the validity of the trial court's judgment. Williams v.Kapel (June 30, 2000), 11th Dist. No. 99-G-2247, 2000 Ohio App. LEXIS 2982, at 5.
 {¶ 16} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Portage County Court of Common Pleas is affirmed.
Grendell, J., O'Toole, J., concur.